[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Charles G. Karanian for plaintiff.
New Britain Corporation Counsel for defendant.
The West Main Street Associates (West Main) appeals to this court the decision by the Zoning Board of Appeals of the City of New Britain, (Zoning Board) denying its (West Main's) appeal to the Zoning Board from the decision by the Building Inspector (Norman Wnuk) not to issue a building permit for premises owned by West Main at 667-677 West Main Street, New Britain.
West Main also appeals directly to this court the refusal by Wnuk to issue the building permit for its premises at 667-677 Main Street.
The present appeal is from the action taken by the Zoning Board after holding hearings on West Main's appeal to it after the building inspector (Wnuk) denied its application for a building permit. This hearing by the Zoning Board resulted from the determination by the Supreme Court that a rehearing was necessary. (See Wnuk v. Zoning Board of Appeals, and StanleyWorks v. Zoning Board of Appeals, 225 Conn. 691 (1993).
The facts pertinent to this appeal arise from the West Main Street Associates determination that it's West Main Street premises could fulfill the requirements set out for use as an off-track betting (OTB) parlor. It applied for a building permit prior to proceeding with the renovations of its building for use as an OTB parlor. The application for the building permit was not granted by Wnuk. He determined that sufficient on site automobile parking spaces would not be available as required by the New Britain Zoning Ordinances. CT Page 10197
West Main Street appealed to the Zoning Board Wnuk's, denial of its application for a building permit. After hearing the Zoning Board acted on West Main's application for a variance but failed to act on the appeal from Wnuk's denial of the building permit. This failure to act on the appeal resulted in the rehearing ordered by the Supreme Court as noted above. The Zoning Board, as ordered by the Supreme Court, did conduct a rehearing on West Main's appeal from Wnuk's denial of the building permit. The Zoning Board sustained Wnuk's decision not to issue the building permit. West Main has appealed the Zoning Board's ruling to this court. Thus, it is this ruling of the Zoning Board that is at issue before this court.
West Main contends that the Zoning Board in reaching its decision failed to overrule the Zoning Officer's (Wnuk) denial of the application for a building permit even though a complete and fair review would have found that his actions were arbitrary, illegal, unreasonable and in abuse of his discretionary authority.
Further, that the review by the Zoning Board was necessarily, procedurally faulty, illegal and resulted in discretionary abuse by it.
West Main argues that Wnuk in determining not to issue the permit relied almost exclusively on his assessment of required parking spaces for the two existing tenants, Molly Malone and The Sting, together with is estimate of the parking requirements for the proposed third tenant, OTB.
The court finds that, the defendant Zoning Board scheduled a hearing on plaintiff's appeal from the Acting Chief Buildings Inspector's denial of plaintiff's application for a building permit for the construction of an OTB parlor at 667-677 West Main Street, New Britain, Connecticut.
That, the Zoning Board hearing was held and that witnesses, evidence and exhibits were presented by the parties.
That the Zoning Board issued its decision subsequent to the hearing wherein it denied plaintiff's appeal of the Zoning Officer's decision not to issue the building permit requested by the plaintiff.
The court further finds the Zoning Board's decision CT Page 10198 was supported by the evidence presented to it. That its decision was not illegal, arbitrary nor in abuse of its discretion. That the Board's review of the actions of the Building Inspector in arriving at its decision was legal, proper and not arbitrary nor in abuse of the discretion available to him.
The court has not considered plaintiff's appeal from the Decision of the Zoning Officer directly to this court as this court is without jurisdiction in a direct appeal.East-Side Civic Ass'n. v. Planning and Zoning Commission of Hamden,161 Conn. 538, 560 (1971).
Therefore, it is the judgment of this court that the plaintiff's appeal is to be dismissed.
JULIUS J. KREMSKI STATE TRIAL REFEREE